UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DERRICK SANDERS,

                             Petitioner,

               - against -

UNITED STATES OF AMERICA,

                             Respondent.

**MEMORANDUM DECISION AND ORDER**

10 Civ. 1285 (BMC)

------------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner initiated this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is dismissed as moot.

Petitioner commenced this action on March 15, 2010, to challenge the expiration date of his period of home confinement.[1] Petitioner was sentenced to 7 months imprisonment followed by two years of supervised released, the first 7 months of which were to be spent on home confinement with electronic monitoring. He was released from prison on August 28, 2009, and the U.S. Probation Department ("Probation") fitted him with an electronic monitoring device on September 16, 2009. Petitioner maintains that his home confinement should have expired on March 27, 2010 – 7 months from the date of his release from prison. However, Probation notified him that his confinement will not terminate until April 15, 2010 – 7 months from when he was fitted with an electronic monitoring device.

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his

---

[1] Petitioner originally filed this request as a motion under his criminal case number; however, this Court converted his claim to a petition under 28 U.S.C. § 2241 as that is the proper vehicle for challenging the computation of his period of home confinement. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006).

conviction." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). All litigants must satisfy the case-or-controversy requirement of Article III of the Constitution to be eligible for relief, and if a case fails to do so at any stage of the proceedings, it must be dismissed as moot. U.S. Const. art. III, § 2; Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004). Habeas petitioners that are no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention. Spencer v. Kemna, 523 U.S. 1, 13-14 (1998). Although there is a presumption of collateral consequences for challenges to criminal convictions, no such presumption exists for challenges to other aspects of criminal proceedings. See, e.g., Cobos v. Unger, 534 F. Supp. 2d 400, 403 (W.D.N.Y. 2008) (holding that petitioner's challenge to his denial of parole was rendered moot by his subsequent release to parole).

Upon reviewing the petition, the Court asked Probation to look into this matter. In response, Probation submitted a memorandum to this Court disagreeing with petitioner's calculation of the start date of his home confinement, but nevertheless recommending modification of the terms of petitioner's supervised release to end his home confinement due to his ongoing medical issues. This Court accepted the recommendation and modified the conditions accordingly by Order entered April 6, 2010.[2] Thus, petitioner has obtained the relief he requested, and his claim requesting release from home confinement no longer satisfies the case-or-controversy requirement of Article III.

---

[2] Pursuant to 18 U.S.C. § 3583(e)(2), a district court may "modify, reduce, or enlarge the conditions of supervised release," in order "to account for new or unforeseen circumstances." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). In modifying such conditions, a court considers the same factors governing the original sentence. See 18 U.S.C. § 3583(e). This Court considered these statutory factors and in light of petitioner's ongoing medical issues, determined that the special condition of home confinement was no longer necessary.

The petition is therefore dismissed as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
April 8, 2010